**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3007
_____

HARVEY MIGUEL ROBINSON, JR.,
                                        Appellant
v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
WILLIAM WILCOX, INDIVIDUALLY AND HIS OFFICIAL CAPACITY
AS A CORRECTIONAL OFFICER AT SCI-GRATERFORD;
JULIE KNAUER, INDIVIDUALLY AND HER OFFICIAL CAPACITY
AS A HEALTH CARE ADMINISTRATOR AT SCI-GRATERFORD;
FRANCIS BERETSKY, INDIVIDUALLY AND HIS OFFICIAL CAPACITY
AS A CORRECTIONAL OFFICER AT SCI-GRATERFORD;
FRANCIS STANISHEFSKI, INDIVIDUALLY AND HIS OFFICIAL CAPACITY
AS A CORRECTIONAL OFFICER AT SCI-GRATERFORD;
SUPERINTENDENT GRATERFORD SCI;
BRIAN TOMS, INDIVIDUALLY AND HIS OFFICIAL CAPACITY
AS A CORRECTIONAL OFFICER AT SCI-GRATERFORD;
DR. FELIPE ARIAS, INDIVIDUALLY AND HIS OFFICIAL
CAPACITY AS A PHYSICIAN AT SCI-GRATERFORD;
JOSEPH FRUSHON, INDIVIDUALLY AND HIS OFFICIAL CAPACITY
AS A CORRECTIONAL OFFICER AT SCI-GRATERFORD
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-08-cv-03156)
District Judge:  Honorable Ronald L. Buckwalter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 20, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 23, 2016)

_____

OPINION[*]
_____

PER CURIAM

Harvey Miguel Robinson, a Pennsylvania prisoner proceeding pro se, appeals from the District Court's judgment against him in this civil rights case. For the following reasons, we will affirm.

I.

At all times relevant to this case, Robinson was incarcerated in the Restricted Housing Unit (RHU) at the State Correctional Institution at Graterford. In July 2008, Robinson filed a complaint pursuant to 42 U.S.C. § 1983 claiming that, on July 3, 2006, Corrections Officers Brian Toms, Francis Beretsky, and William Wilcox had assaulted him in violation of his rights under the Eighth Amendment. Robinson claimed that his Eighth Amendment rights were further violated when, during the months following the incident, Dr. Felipe Arias, M.D., provided inadequate treatment for his injuries.[1] In addition, Robinson claimed that he reported the inadequate medical care to Secretary Beard, Superintendent DiGuglielmo, and Correctional Health Care Administrator Myron Stanishefski, but they failed to intervene. Lastly, Robinson claimed that Superintendent DiGuglielmo violated his due process rights by refusing to take action when his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Dr. Arias was employed by Prison Health Services, a private company, not the Department of Corrections.

corrections officers issued false misconduct reports against him in order to cover up the assault.[2]

In October 2008, the District Court dismissed Robinson's claims against Superintendent DiGuglielmo and Administrator Stanishefski, and, in July 2009, dismissed the claims against Secretary Beard and Dr. Arias. See Fed. R. Civ. P. 12(b)(6). In February 2010, Robinson sought leave to amend his complaint to include allegations that his injuries had worsened, but the District Court denied the request. The court subsequently appointed pro bono counsel to represent Robinson. Following discovery, counsel amended the complaint to add a substantive due process claim under the Fourteenth Amendment as well as several state-law tort claims. In March 2014, the matter finally proceeded to a jury trial on Robinson's remaining claims: an Eighth Amendment excessive force claim, and state-law claims for assault and battery, against Officers Toms, Wilcox, and Beretsky. The jury returned a verdict in the defendants' favor.

Robinson moved for a new trial on the grounds that, inter alia, his trial attorneys had provided deficient representation. By order entered May 15, 2014, the District Court denied Robinson's motion. This timely appeal followed.[3]

II.

---

[2] Although Robinson also named as defendants Julie Knauer and Joseph Frushon, he never served them with either the original or subsequent complaints. Therefore, they were not parties to the District Court action.

[3] Robinson subsequently moved the District Court to reconsider its order denying him a new trial, but the District Court denied his request, and Robinson has not sought review of that order. Therefore, it is not presently before us.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal orders. Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

III.

On appeal, Robinson does not challenge the jury's verdict against him on his excessive force and state-law tort claims. Rather, Robinson first argues that the District Court erred in dismissing his Eighth Amendment claim against Dr. Arias. In the complaint, Robinson alleged that, as a result of the July 3, 2006 assault, he experienced severe pain in his head and neck, blurred vision, light-headedness, and dizziness. Robinson stated that, despite repeated visits to sick call/doctor line, Dr. Arias consistently denied his requests for an MRI or CT scan as well as his demands to see a specialist.

We agree with the District Court that Robinson failed to state an Eighth Amendment claim. Although "[a]cts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" constitute cruel and unusual punishment under the Constitution, Estelle v. Gamble, 429 U.S. 97, 106 (1976), merely negligent treatment does not give rise to a constitutional violation, Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Robinson's allegations reveal that Dr. Arias treated him on multiple occasions, performed medical exams, and provided him with pain killers. Because such allegations amount to "mere disagreement as to the proper medical treatment," they were

4

insufficient to state a plausible constitutional violation. Id. (quotation marks omitted);

see also Norris v. Frame, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has

received some care, inadequacy or impropriety of the care that was given will not support

an Eighth Amendment claim.") (quotation marks omitted). Accordingly, the District

Court properly dismissed this claim.

Robinson also challenges the District Court's order denying his February 2010

motion for leave to amend his complaint. In that motion, Robinson explained that he had

recently learned that he suffered from "mild central spinal stenosis, spinal cord

compression, and mild associated edema (swelling) within the spinal cord." (Mot. 1,

ECF No. 44.) In light of this new medical information, Robinson sought to reinstate his

Eighth Amendment claim against Dr. Arias. We see no error in the District Court's

decision denying this request. As discussed above, Robinson's allegations about Dr.

Arias's treatment did not raise a plausible inference of deliberate indifference. Nothing

presented in the proposed amended pleading cured this deficiency.

Lastly, we see no basis to disturb the District Court's decision denying Robinson's

motion for a new trial based on counsel's deficient performance. In his motion, Robinson

asserted that his trial counsel committed several errors, including failing to: call nine

additional witnesses to testify on his behalf; rehabilitate a defense witness after cross-

examination; properly impeach the corrections officers; support his opening statement

with medical records; sufficiently prepare Robinson to testify; and object to the defense's

introduction of a misconduct report. The District Court acted well within its discretion in

denying relief here. Robinson has not directed us to any authority suggesting that a

5

district court may grant a new trial under Federal Rule of Civil Procedure 59 based on a losing party's allegation that his own attorney performed below his expectations.[4] Rather, as defendants note, the proper remedy for defective representation in a civil case is a separate malpractice action. See Stanciel v. Gramley, 267 F.3d 575, 581 (7th Cir. 2001).

IV.

We have reviewed Robinson's remaining arguments and conclude that they are meritless. Accordingly, we will affirm the District Court's judgment.

---

[4] Robinson's reliance on Blanche Road Corporation v. Bensalem Township, 57 F.3d 253, 264 (3d Cir. 1995), abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392 (3d Cir. 2003), is misplaced. That case concerns a defendant's motion for a new trial based on the misconduct of the plaintiff's attorney—not his own attorney.